ALLEN, Judge.
The appellant challenges the summary denial of his Florida Rules of Criminal Procedure 3.850 motion for post-conviction relief. Although the other assertions in the motion do not present any basis for relief, the appellant made facially sufficient claims of ineffective assistance of trial counsel. The appellant contended that counsel should have challenged the eviden-tiary admission of an old fugitive warrant which had been satisfied and was no longer valid, and that counsel should have sought suppression of the evidence which was seized as a result of the appellant’s arrest pursuant to the old warrant. In rejecting these contentions the court indicated that the document received into evidence was a current warrant pursuant to which the ap *550 pellant was arrested, and that in any event California v. Hodari D., 499 U.S.-, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), would preclude suppression of the evidence. But the court did not attach any portion of the record to support its rejection of the appellant’s factual assertions regarding the old warrant, or its apparent conclusion that under Hodari D. the evidence was voluntarily abandoned despite the appellant’s factual assertions suggesting that the evidence was obtained during the course of a seizure and arrest. We therefore reverse the challenged order as to these claims only, and remand for either an evidentiary hearing or the attachment of such portions of the record as will show that the appellant is not entitled to relief.
SMITH, J., concurs.
BOOTH, J., dissents with written opinion.