PER CURIAM.
Appellant seeks review of an order denying his motion seeking post-conviction relief, pursuant to rule 3.850, Florida Rules of Criminal Procedure. This is the second time that the ease has been before us. On the first appeal, we reversed those parts of the order which addressed appellant’s claims of ineffective assistance of trial counsel, noting that the trial court had failed to attach any portion of the record to support its conclusions, and remanded with directions that the trial court either attach portions of the record sufficient to establish conclusively that appellant is not entitled to relief or conduct an evidentiary hearing. Charley v. State, 605 So.2d 549 (Fla. 1st DCA 1992).
On remand, the trial court entered an “Order Supplementing Nunc Pro Tunc Order Denying Defendant’s Motion for Post-Conviction Relief’ which merely “supplemented” the order we had previously reversed by attaching nine pages of trial transcript. We conclude that those portions of the trial transcript do not establish conclusively that appellant is not entitled to relief. Accordingly, we again reverse and remand with directions that the trial court either attach portions of the record sufficient to establish conclusively that appellant is not entitled to relief or conduct an evidentiary hearing.
REVERSED and REMANDED, with directions.
WOLF and WEBSTER, JJ., concur.
BOOTH, J., dissents with written opinion.